IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 05-48350 |
| | § | (CHAPTER 7) |
| LYNN B. ANDERSON | § | |
| | § | |
| DEBTOR | § | |

MEMORANDUM OPINION ON DEBTOR'S MOTION TO VOID A JUDICIAL LIEN
PURSUANT TO 11 U.S.C. § 522(f)

I. INTRODUCTION

Lynn B. Anderson (the Debtor) is an individual debtor who filed a voluntary petition under Chapter 7 of Title 11 of the United States Code on October 11, 2005. On February 1, 2006, the Debtor moved to void a judicial lien on her home at 7419 West Suddley Castle in Houston, Texas, 77095 (the Property). Peter Veazey (the Respondent) filed an objection to the Debtor's motion and asserted that a Texas state court judgment vests in him title to an undivided 20% interest in the Debtor's home and that therefore the Debtor may not void his interest by her motion. The Respondent offered three grounds for his objection: (1) the Rooker-Feldman doctrine precludes this Court from exercising jurisdiction to circumvent the Texas state court judgment; (2) the doctrine of *res judicata* bars Debtor from relitigating the ownership interest in the Property; and (3) 11 U.S.C. § 522(f) is inapplicable because Respondent holds far more than a mere lien on the Property. This Court agrees with all of Respondent's arguments and accordingly denies the Debtor's Motion to Void a Judicial Lien. The purpose of this Memorandum Opinion is to explain how this Court has arrived at this decision.

1

## II. FINDINGS OF FACT

The facts, either as stipulated to or admitted by counsel of record, or as determined from the record, in chronological order, are as follows:

1. On January 3, 2005, the Respondent obtained a final judgment (the Judgment) against Debtor in Cause No. 2001-63920 in the 113th District Court of Harris County, Texas (the Texas State Court). [Respondent's Exhibit No. 4]. The Judgment granted Respondent a purchase money resulting trust against the Debtor's home at 7419 West Suddley Castle in Houston, Texas, 77095 (the Property) for the $51,500.00 paid by the Respondent and accordingly awarded him title to an undivided 20% interest in the Property. [*Id.*]. The Respondent had paid $5,000.00 as earnest money and an additional $46,200.00 for 20% of the purchase price of the Property on March 31, 1999. [Respondent's Exhibit No. 3]. Among other things, the Judgment orders that "this Judgment will have the effect and operation, at law and in equity, of a conveyance and will vest in Respondent title to an undivided twenty percent (20%) of the Property." [Respondent's Exhibit No. 4].

2. On October 11, 2005, the Debtor filed a voluntary Chapter 7 bankruptcy petition in this Court. On Schedule A, the Debtor lists the Property and values it at $285,000.00. [Doc. No. 1]. The Debtor's Schedule D lists the secured claim of Washington Mutual Bank as a mortgage on the Property in the amount of approximately $185,000.00 and a Judgment Lien in favor of the Respondent for $51,500.00. [*Id.*]. The Debtor claimed the Property as exempt on Schedule C of her petition pursuant to 11 U.S.C. § 522(b)(2) and Texas Property Code § 41.0001(a). [*Id.*].

3. On February 1, 2006, the Debtor filed her Motion to Void a Judicial Lien pursuant to 11 U.S.C. § 522(f) (the Motion). [Doc. No. 7].

4. On February 21, 2006, the Respondent filed a Request for Hearing and Objection to the Debtor's Motion to Void a Judicial Lien pursuant to 11 U.S.C. § 522(f) (the Objection). [Doc. No. 9].

5. On April 10, 2006, the Debtor filed a Memorandum in Response to the Respondent's Objection. [Doc. No. 15].

6. On April 18, 2006, a hearing was held on the Motion and the Objection. Neither the Debtor nor the Respondent adduced testimony from any witnesses. The Debtor also chose not to introduce any exhibits. The Respondent introduced five exhibits, the admissibility of which the Debtor did not contest. Counsel for both the Debtor and the Respondent made oral arguments on behalf of their respective clients.

### III. CONCLUSIONS OF LAW

A. **Jurisdiction and Venue**

This Court has jurisdiction over this core proceeding pursuant to 28 U.S.C. §§ 1334(a) and 157(b)(2)(K) and (O). The Motion is a contested matter pursuant to Bankruptcy Rule 9014. Venue of this Chapter 7 case in this district is proper pursuant to 28 U.S.C. § 1408(1).

B. **The Rooker-Feldman Doctrine is applicable in this matter.**

The Respondent first argues that the Motion is an attempted collateral attack on the Judgment. The Court agrees.

The doctrine of Rooker-Feldman, named after two Supreme Court cases,[1] holds that the inferior federal courts lack jurisdiction to exercise appellate review over state court decisions. *See Reitnauer v. Tex. Exotic Feline Found., Inc.*, 152 F.3d 341, 343 (5th Cir. 1998). Inferior federal courts do not have the power to modify or reverse state court judgments. *Am. Airlines,*

---

[1] *See D.C. Ct. App. v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

3

*Inc. v. Dep't of Transp.*, 202 F.3d 788, 801 (5th Cir. 2000). Although the Debtor's Motion does not seek appellate review of the Judgment in a literal sense, the doctrine is nonetheless applicable whenever the state and federal proceedings would be inextricably intertwined. *See Davis v. Bayless*, 70 F.3d 367, 375-76 (5th Cir. 1995).

In the Texas State Court proceeding, the Respondent was awarded an undivided 20% interest in the Property. The Debtor's Motion seeks to void the Respondent's interest. If the Debtor's Motion is granted, the Respondent would lose his 20% interest in the Property. The relief requested in the Debtor's Motion would effectively reverse the Judgment of the Texas State Court; it would vitiate the ruling that the Respondent owns 20% of the Property. It is clear that issues presented in the Debtor's Motion are inextricably intertwined with the issues previously adjudicated by the Texas State Court. Therefore, the Rooker-Feldman doctrine is applicable and granting the Debtor's Motion would circumvent the Judgment, a result which this Court will not countenance.

This matter is distinguishable from *In re Herman*, 315 B.R. 381 (Bankr. E.D. Tex. 2004), in which the court held that the Rooker-Feldman doctrine did not apply to prevent the bankruptcy court from interpreting ambiguous language of a Texas state court divorce decree. In *Herman*, a state court divorce decree awarded two tracts of land to the debtor and stated that the land was impressed with a resulting trust for consideration paid from the debtor's three children and that this trust was secured by the imposition of an equitable lien in stated sums for the benefit of the children. The bankruptcy court declined to apply Rooker-Feldman because it found that the decree was inconsistent or ambiguous. The court believed—correctly—that the grant of a resulting trust and imposition of an equitable lien are two inconsistent remedies because a resulting trust conveys an ownership interest while an equitable lien secures the

4

payment of indebtedness. If an actual ownership interest was being conveyed to the children, then no lien on such property would need to be awarded in order to secure the payment of the indebtedness owed to the children. The *Herman* court emphasized the fact that the divorce decree lacked any language purporting to convey title to the children based on their percentage interest in the property and did not make any attempt to calculate the percentage of purchase price actually contributed by the children. Thus, the court believed that it was not precluded from construing or interpreting the divorce decree because it was ambiguous or otherwise inconsistent on its face.

In the matter at bar, the Texas State Court specified the Respondent's percentage interest based on the funds he expended on the Property. The Judgment unquestionably grants Respondent an ownership interest in the Property rather than an equitable lien. The Texas State Court did exactly what it should do to make the Judgment unambiguous and unequivocal. Therefore, according to Rooker-Feldman, this Court lacks jurisdiction to modify, reverse, or nullify the Judgment. The Debtor is precluded from making a collateral attack to reverse the Judgment in this bankruptcy case.

**C.**   **The doctrine of *res judicata* applies in this matter.**

The Debtor seems to disagree with the Texas State Court that the Respondent had a purchase money resulting trust. She argues that the Respondent merely holds a judicial lien which arose solely by virtue of his lawsuit. The Debtor also claims that the Respondent did not participate in the purchase of the Property and was never granted a mortgage or other interest by the Debtor.

Whether or not the Debtor agrees with the conclusions in the Judgment, she is now foreclosed from litigating the issue of whether the Respondent owns a 20% interest in the

Property. Under Texas law, the rule of *res judicata* "bars litigation of all issues connected with a cause of action or defense which, with the use of diligence, might have been tried in a former trial." *In re Erlewine*, 349 F.3d 205, 210 (5th Cir. 2003) (quoting *Bonniwell v. Beech Aircraft Corp.*, 663 S.W.2d 816, 819 (Tex. 1984)). The arguments that the Debtor raises in her Motion have been already raised and heard by the Texas State Court. The Debtor cannot now contend in this matter that the Respondent did not acquire 20% of the Property. Res judicata prevents relitigation of claims that have already been finally adjudicated or that should have been litigated in a prior lawsuit. *Smith v. Waste Mgmt., Inc.*, 407 F.3d 381, 386 (5th Cir. 2005). Given that the Judgment determines that the Respondent is the owner of a 20% undivided interest in the Property, the Debtor is precluded from relitigating the issues of whether the Respondent participated in the purchase of the Property and thus had a resulting trust which entitles him to a 20% interest in the Property. The issues were answered affirmatively in the Judgment.

Therefore, the Debtor's arguments that the Respondent does not have a purchase money resulting trust and has no ownership interest in the Property must fail because the issues were already decided in the Texas State Court proceeding.

**D.    The Debtor may not use 11 U.S.C. § 552(f) to void the interest held by the Respondent in the Property.**

Section 522(f) of the Bankruptcy Code allows a debtor to avoid a lien on exempt property if that debtor can show that (1) the lien is a judicial lien; (2) the lien is fixed against an interest of the debtor in property; and (3) the lien impairs an exemption to which the debtor would otherwise be entitled. *In re Henderson*, 18 F.3d 1305, 1308 (5th Cir. 1994).

The Bankruptcy Code defines a lien as a "charge against or interest in property to secure payment of the debt or performance of an obligation." 11 U.S.C. § 101(37). The interest that the Respondent owns in the Property is an ownership interest, not a lien. The Texas State Court did

not order the Debtor to pay back $51,500.00 to the Respondent but instead conveyed a 20% ownership interest of the Property to the Respondent. The Debtor was not indebted to the Respondent. The Respondent's interest is thus not a security interest or lien to secure the Debtor's payment of money to Respondent.

The facts in this dispute are distinguishable from the facts in the case cited by the Debtor's counsel in support of the Motion. In *In re Levi*, 183 B.R. 468 (Bankr. N.D. Tex. 1995), the state court had entered a divorce decree granting the respondent a judgment for $152,290.80 secured by an equitable lien on certain property owned by the debtor. When the debtor thereafter filed a Chapter 7 petition and sought to avoid the respondent's lien, the bankruptcy court held that even though the divorce decree described the respondent's interest as an equitable lien, the lien was nevertheless obtained by a judgment; therefore, it was a judicial lien that fell within the purview of 11 U.S.C. § 552(f). In the case at bar, the Debtor did indeed acquire his interest in the Property through a judgment. However, the interest that he acquired was not a lien but rather an ownership interest. Accordingly, the Debtor may not utilize § 522(f) to avoid the Respondent's ownership interest in her exempt property simply because the ownership interest arises out of a judgment. Section 522(f) covers liens, not ownership interests.

Furthermore, one's homestead right in property can never rise any higher than the right, title, or interest that one owns in the property. *First Huntsville Props. Co. v. Laster*, 797 S.W.2d 151, 152 (Tex. App.—Houston [14th Dist.] 1990), *aff'd*, 826 S.W.2d 125 (Tex. 1991); *Sayers v. Pyland,* 161 S.W.2d 769, 773 (Tex. 1942). The Debtor's homestead interest can extend only to the interest in the Property that she owns. *Patterson v. First Nat'l Bank of Lake Jackson*, 921 S.W.2d 240, 246 (Tex. App.—Houston [14th Dist.] 1996, no writ) (stating that an ex-wife's family homestead extends only to her proportional interest in the residence); *Heggen v. Pemelton,*

836 S.W.2d 145, 150 (Tex. 1992) (stating "the homestead right extends only to the proportional interest of a former spouse with a present right of possession"). Here, the Debtor owns an 80% undivided interest in the Property. The Respondent owns a 20% undivided interest in the Property. The Debtor and the Respondent are actually cotenants of the Property. The homestead right of one cotenant may not prejudice the rights of other cotenants. *Laster*, 797 S.W.2d 153; *see also Becker v. Becker,* 623 S.W.2d 757, 760 (Tex. App.—Houston [1st Dist.] 1981, no writ) (reiterating the principle that homestead right is subordinate to the right of a co-owner to demand partition). According to the overwhelming judicial authorities in Texas state courts, the 20% ownership interest owned by the Respondent is not the Debtor's homestead. The Debtor is not entitled to claim a homestead exemption to the entire Property. Therefore, the Respondent's ownership interest cannot impair the Debtor's homestead exemption.

An ownership or title interest in property is distinct from a lien. The Respondent's interest in the Property may not be avoided as a judicial lien under § 522(f) because he holds an ownership interest and the Debtor's homestead exemption does not extend to the portion of the Property that she does not own.

## IV. CONCLUSION

Given the finality of the Judgment from the Texas State Court, this Court lacks jurisdiction to modify or reverse the Judgment under the Rooker-Feldman doctrine. Further, as a wholly separate basis, the doctrine of *res judicata* bars the Debtor from relitigating the same ownership issues in this bankruptcy case. Finally, as a third and completely separate ground, because the Respondent holds an ownership interest in the Property, his interest may not be avoided as a judicial lien under § 522(f) of the Bankruptcy Code.

9

For all of the foregoing reasons, this Court sustains the Respondent's Objection to the Debtor's Motion. The Debtor's Motion is hereby denied. This Court will issue a separate order consistent with this Memorandum Opinion.

**SIGNED this 18th day of April, 2006.**

Jeff Bohm
**United States Bankruptcy Judge**